## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| NICKLAS RAYMOND LAFFERTY, | |
| Plaintiff, | Case No. 1:24-CV-636 |
| v. | Judge Michael R. Barrett |
| HIGHLAND COUNTY COMMUNITY ACTION ORGANIZATION, INC., et al., | **ORDER** |
| Defendants. | |

This matter is before the Court on the report and recommendation ("R&R") filed by the Magistrate Judge on March 25, 2025, (Doc. 44). Proper notice has been afforded to the parties under 28 U.S.C. § 636(b)(1)(C), including notice to Plaintiff Nicklas Lafferty that he may forfeit rights on appeal if he failed to file objections to the R&R in a timely manner. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Lafferty timely objects, (Doc. 45), but for the following reasons the Court will overrule his objections and adopt the R&R in full.

### I. BACKGROUND

As summarized by the Magistrate Judge, Lafferty's complaint begins with a claim that the Highland County Board of Commissioners and Highland County Community Action Organization arranged to have weatherization and repair work performed on his house under the Community Housing Improvement Program, but the work was either not completed or poorly performed. (Doc. 44, PageID 1598). The allegations spread from there, with Lafferty claiming that (1) the Highland County Sheriff's Office ignored a report

1

from a "forgery expert" that someone within the Highland County Community Action Organization forged his signature on a document; (2) Defendant Joel Mark Current referred to him as a stalker at a meeting of the Highland County Commissioners, which Defendant newspapers then republished; (3) Defendant Matthew Spies videotaped his home without permission during an inspection; and (4) Defendant Glenn Scott Warrick referred to him as a stalker in a statement that was uploaded to the website of Defendant American Arbitration Association. Lafferty "seeks $30 million 'for the bad workmanship, name slander, forgery, invasion of privacy, and stress and emotions,' and 'an apology' from all the defendants." (*Id.*, PageID 1600).

Following various motions to dismiss filed by Defendants, the Magistrate Judge found that (1) the Court "lacks subject matter jurisdiction on the basis of diversity of citizenship over any state law claims" in Lafferty's complaint; and (2) Lafferty "failed to plead sufficient facts" to show that Defendants "are liable for any federal constitutional or statutory violations in this case." (*Id.*, PageID 1603, 1606). In addition, the Magistrate Judge recommended that the Court dismiss Lafferty's claims against a number of defendants who were not properly served. (*Id.*, PageID 1606). The next day, Lafferty submitted a two-page document "appealing" the R&R. (Doc. 45).

II. <u>**STANDARD OF LAW**</u>

Magistrate Judges are authorized to decide both dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. When objections are made to a Magistrate Judge's R&R on a dispositive matter, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

But "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement."). And the Court "need not provide de novo review where the objections are 'frivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637-38 (6th Cir. 1986) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

### III. ANALYSIS

As a threshold matter, the Court concludes that Lafferty's response to the R&R addresses neither the Magistrate Judge's conclusion that he failed to state a claim upon which relief could be granted, nor the Magistrate Judge's conclusion that he failed to state a claim for which subject matter jurisdiction lies with this Court. Instead, Lafferty largely repeats unsupported claims and fails to address the Magistrate Judge's legal reasoning or put forth any meaningful, non-frivolous objections to the R&R. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (per curiam) ("Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient.").

The same holds true for Lafferty's unfounded assertion that the Magistrate Judge did not consider his voluminous and repetitive filings, which the Magistrate Judge was not even "obligated to sift through" in the first place to "construct claims" for Lafferty. *Welch v. City Cnty. Prosecution Office*, No. 1:18-CV-2548, 2019 U.S. Dist. LEXIS 37740, at *3 (N.D. Ohio Mar. 8, 2019) (noting that a pro se plaintiff may not simply "refer[] the Court to voluminous exhibits" in lieu of stating a claim for relief). And although Lafferty briefly registers general opposition to the Magistrate Judge's denial of his motion to appoint counsel, that opposition is limited to the conclusory statement that the Sixth Amendment guarantees his right to appointed counsel. In any event, Lafferty's argument is without merit because "the Sixth Amendment does not govern civil cases." *Turner v. Rogers*, 564 U.S. 431, 441 (2011).

## IV.    CONCLUSION

For the foregoing reasons, Lafferty's objections, (Doc. 45), are **OVERRULED**, and the R&R, (Doc. 44), is **ADOPTED** in full.

1. Defendants' motions to dismiss, (Docs. 8; 11; 14; 16; 23; 28) are **GRANTED**;
2. Lafferty's claims against remaining Defendants are **DISMISSED** for lack of service and for failure to state a claim for relief over which this Court has subject matter jurisdiction; and
3. Defendant Don Dale Throckmorton's motion to dismiss, (Doc. 43), is **DENIED** as moot.

The Court further **CERTIFIES** that an appeal of this order would not be taken in good faith and **DENIES** leave to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

      */s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge